# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FOURTH DISTRICT—AUGUST TERM, 1900.

## George B. Abbott v. Cora Belle Abbott.

1. DIVORCE—*Condonation—Burden of Proof.*—Condonation is a for-
giveness of matrimonial offenses on condition that such offenses shall
not be repeated. The burden of proving a condonation is upon the
party claiming it.

**Bill for Divorce.**—Appeal from the Circuit Court of St. Clair County;
the Hon. MARTIN W. SCHAEFER, Judge, presiding. Heard in this court
at the August term, 1900. Affirmed. Opinion filed March 11, 1901.

FORMAN & BROWNING and TURNER & HOLDER, attorneys
for appellant.

DILL & WILDERMAN and B. O. DAVIDSON, attorneys for
appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the
court.

Bill for divorce, charging extreme and repeated cruelty.
Heard by the court, without a jury, and a decree of divorce
granted.

An examination of the evidence in this case shows no
sufficient reasons for reversing the decree. It discloses
unhappy marital relations existing between the parties for
many years; that appellant, without provocation, at differ-
ent times struck appellee, once knocking her down, and at
another time knocking, or forcibly shoving her onto a bed;

(52)

also the frequent use by appellant of degrading and abusive epistles and language toward his wife.    It is insisted that his conduct was condoned, the last striking occurring some two or three years before the filing of the bill.    We think condonation is not shown.

Appellee testifies:    " He tormented and nagged me to death; I mean scolding, quarreling, picking fusses all the time."    The final cause of separation appears to have been a demand by appellant that appellee should  sign a deed to a certain piece of property.    Appellee declined to do so. She testifies that he said she " had to sign that deed and any and all deeds, or leave and get a divorce."    She did leave and filed her bill for a divorce.    In view of the conduct and language of appellant, testified to by appellee and her two daughters, aged eighteen and sixteen years, we can not hold that the acts of cruelty testified to by these witnesses were condoned.    (Farnham v. Farnham, 73 Ill. 498; Sharp v. Sharp, 116 Ill. 509.)    And if not condoned, taken in connection with the language used by appellant, they are sufficient to entitle  appellee to her decree.    Judgment affirmed.